IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLOTTE QUILLEN-SMITH,          :

        Plaintiff,

    v.                                              :

U.S. BANK, N.A.,

        Defendant.                   :

Case No. 3:20-cv-364

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS (DOC. #15);
DISMISSING COUNT SIX OF COMPLAINT WITH PREJUDICE

---

This matter is currently before the Court on Defendant's Motion for Partial Judgment on the Pleadings, Doc. #15. Defendant argues that Count Six of the Complaint, alleging a common law claim of wrongful discharge in violation of public policy, fails to state a claim upon which relief can be granted. The Court agrees.

## I.    Factual Background

Plaintiff, Charlotte Quillen-Smith, started working at U.S. Bank in May of 2018. In September of 2018, she informed her branch manager, Steve Corder, that she was pregnant, and that the baby was due in May of 2019. Quillen-Smith alleges that Corder told her that her pregnancy was "inconvenient." He allegedly

made numerous disparaging comments about her pregnancy. She reported his harassing conduct to the district manager and a human resources representative. Shortly thereafter, Quillen-Smith, who had no negative performance evaluations up to that point, was disciplined for failure to follow timekeeping procedures.

Given that Quillen-Smith suffered from hypothyroidism and her unborn daughter had ventricular septal defect, her pregnancy was considered high risk. Corder allegedly made disparaging comments about her numerous prenatal medical appointments. He wrote her up for failing to provide advance notice of a February 5, 2019, appointment, even though she had provided him notice of that appointment two months earlier. Later that month, managers falsely accused her of violating bank policy by making a transaction for a family member. On March 25, 2019, U.S. Bank terminated her employment.

Quillen-Smith filed suit on August 28, 2020, alleging pregnancy discrimination, a hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Counts 1, 2, 3), a violation of the Americans with Disabilities Act (Count 4), discrimination and retaliation in violation of Ohio Revised Code § 4112.02 (Count 5), and wrongful discharge in violation of public policy (Count 6).

This matter is currently before the Court on Defendant U.S. Bank's Motion for Partial Judgment on the Pleadings, Doc. #15. Pursuant to Fed. R. Civ. P. 12(c), Defendant seeks dismissal of Count 6, the claim of wrongful discharge in violation of public policy.

II.     **Fed. R. Civ. P. 12(c)**

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Warrior Sports, Inc. v. National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

3

III.    **Analysis**

Because Ohio adheres to the doctrine of "employment at will," job terminations typically do not give rise to a cause of action for damages.  There is one notable exception.  If an employee is discharged in violation of a clear public policy, he or she may sue the employer for damages.  *Painter v. Graley*, 70 Ohio St.3d 377, 382, 639 N.E.2d 51, 55 (1994).

In order to succeed on such a claim, Quillen-Smith must prove the following elements:

> 1. That [a] clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element).
> 2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the *jeopardy* element).
> 3. The plaintiff's dismissal was motivated by conduct related to the public policy (the *causation* element).
> 4. The employer lacked overriding legitimate business justification for the dismissal (the *overriding justification* element).

*Himmel v. Ford Motor Co.*, 342 F.3d 593, 598 (6th Cir. 2003) (emphasis in original) (quoting *Collins v. Rizkana*, 73 Ohio St.3d 65, 652 N.E.2d 653, 657-58 (1995)).  The clarity and jeopardy elements are questions of law to be decided by the court.  *Collins*, 73 Ohio St.3d at 70, 652 N.E.2d at 658.

Defendant argues that, to the extent that Quillen-Smith alleges that her termination violates public policies prohibiting discrimination against employees on the basis of sex and/or disability, and prohibiting retaliation against employees who report discrimination, Ohio Revised Code Chapter 4112 provides an adequate

4

remedy, which bars her claim. Ohio courts have held that "when a statutory scheme contains a full array of remedies, the underlying public policy will not be jeopardized if a common-law claim for wrongful discharge is not recognized based on that policy." *Leininger v. Pioneer Nat'l Latex*, 115 Ohio St.3d 311, 317, 875 N.E.2d 36, 42 (2007). Because Chapter 4112 adequately protects the state's policy against employment discrimination and retaliation, Quillen-Smith cannot satisfy the jeopardy element of her claim. *Id.* at 319, 875 N.E.2d at 44.[1]

Citing *Wiles v. Medina Auto Parts*, 96 Ohio St.3d 240, 773 N.E.2d 526 (2002), Quillen-Smith argues that, because Chapter 4112 is not the "sole source" of her public policy claim, her claim is not barred. That, however, is not the holding of *Wiles*. That case involved a wrongful discharge claim in which the "sole source of the public policy opposing the discharge" was the Family and Medical Leave Act ("FMLA"). The court dismissed the claim after finding that the FMLA provides adequate remedies. *Id.* at 244-48, 773 N.E.2d at 531-34.

Quillen-Smith maintains that, with respect to the "clarity" element, she relies not only on Ohio Revised Code Chapter 4112, but also on Ohio Revised Code §§4101.11 and 4101.12. These two statutes impose a duty on employers to

---

[1] The Court rejects Quillen-Smith's argument that her wrongful discharge claim may be pled in the alternative, in case her claims under Chapter 4112 fail for some reason. Because Ohio does not recognize a wrongful discharge claim rooted in Chapter 4112, the claim would be subject to dismissal, even if pled in the alternative. *See Stewart v. Everyware Glob., Inc.*, 68 F. Supp.3d 759, 765 (S.D. Ohio 2014) (Graham, J.) (holding that Fed. R. Civ. P. 8(d), which permits parties to plead claims in the alternative, "does not insulate claims which are insufficient from dismissal under Rule 12(b)(6).").

protect their employees and to furnish a safe place to work.[2]  Although Quillen-

Smith cites to §§4101.11 and 4101.12 in the *heading* for Count 6, the factual

allegations set forth in Count 6 address only the public policies set forth in Chapter

4112, prohibiting employment discrimination and retaliation.  The Complaint

contains no facts concerning an alleged failure, by Defendant, to protect its

employees or to provide a safe workplace.

Moreover, allowing Quillen-Smith leave to amend her Complaint to add such

factual allegations would be futile.  As this court has recently held, Ohio Revised

Code §§ 4101.11 and 4101.12 fail to satisfy the "clarity" element of a wrongful

discharge claim.  *See Romero v. City of Middletown*, –F. Supp.3d–, 2020 WL

4784669, at *10 (S.D. Ohio Aug. 18, 2020) (Cole, J.) (collecting cases and

---

[2]  Ohio Revised Code § 4101.11 provides: "Every employer shall furnish employment which is safe for the employees engaged therein, shall furnish a place of employment which shall be safe for the employees therein and for frequenters thereof, shall furnish and use safety devices and safeguards, shall adopt and use methods and processes, follow and obey orders, and prescribe hours of labor reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters."

Ohio Revised Code § 4101.12 provides: "No employer shall require, permit, or suffer any employee to go or be in any employment or place of employment which is not safe, and no such employer shall fail to furnish, provide, and use safety devices and safeguards, or fail to obey and follow orders or to adopt and use methods and processes reasonably adequate to render such employment and place of employment safe. No employer shall fail to do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees or frequenters. No such employer or other person shall construct, occupy, or maintain any place of employment that is not safe."

holding that these "very general and broad" statutes "are not specific enough to satisfy the clarity element").

Moreover, Quillen-Smith cannot satisfy the "jeopardy" element of her claim. A plaintiff citing workplace safety as the source of public policy must have "lodged complaints about workplace safety" and must have "made clear to his employer that he is invoking a governmental policy as the basis for his complaint, not just his own self-interest. Otherwise, the employer is not effectively put on notice that the employee is acting not only for himself, but also for the public at large." *Jermer v. Siemens Energy & Automation, Inc.*, 395 F.3d 655, 659 (6th Cir. 2005) (interpreting Ohio law). *See also Allman v. Walmart, Inc.*, 967 F.3d 566, 574 (6th Cir. 2020) (quoting *Jermer*).

Quillen-Smith does not allege that she lodged *any* complaints about workplace safety or U.S. Bank's failure to protect its employees. In her memorandum in opposition, she argues that U.S. Bank failed to protect *her* when it allowed her branch manager to continue to harass her about her pregnancy and attempted to prevent her from attending prenatal appointments. Doc. #16, PageID#86. However, this related only to her own self-interest and that of her unborn child. It does not implicate any other employees.

Under these circumstances, Quillen-Smith cannot satisfy the "jeopardy" element of her claim. *See Langley v. DaimlerChrysler Corp.*, 407 F. Supp.2d 897, 909 (N.D. Ohio 2005) (granting summary judgment on wrongful discharge claim where plaintiff presented no evidence that she "lodged complaints about workplace

7

safety in the name of governmental policy"); *Aker v. New York & Co.*, 364 F. Supp.2d 661, 665-66 (N.D. Ohio 2005) (granting summary judgment where plaintiff claimed only that she feared for her *own* safety); *Beckloff v. Amcor Rigid Plastics USA, LLC* (6th Dist.), 2017-Ohio-4467, 93 N.E.3d 329, at ¶ 42 ("There is no evidence that Beckloff put Amcor on notice that he was attempting to invoke a governmental policy and not simply his own self-interest.").

To the extent Quillen-Smith's wrongful discharge claim is based on public policy manifested in Ohio Revised Code §§ 4101.11 or 4101.12, the Court finds that she has failed to state a claim upon which relief can be granted, and that allowing her to amend her Complaint would be futile.

## IV. Conclusion

For the reasons set forth above, the Court SUSTAINS Defendant's Motion for Partial Judgment on the Pleadings, Doc. #15, and DISMISSES Count 6 of Plaintiff's Complaint WITH PREJUDICE.

Date: March 30, 2021                    _Walter H. Rice_ (tp - per Judge Rice authorization after his review)
                                        WALTER H. RICE
                                        UNITED STATES DISTRICT JUDGE

8