IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLOTTE QUILLEN-SMITH, :

    Plaintiff,

    v. : Case No. 3:20-cv-364

U.S. BANK NATIONAL : JUDGE WALTER H. RICE
ASSOCIATION,

    Defendant. :

---

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO DISMISS (DOC. #21); CHAPTER 7 BANKRUPTCY TRUSTEE GIVEN 30 DAYS TO SEEK SUBSTITUTION AS REAL PARTY IN INTEREST

---

On August 28, 2020, Plaintiff, Charlotte Quillen-Smith, filed suit against her former employer, U.S. Bank National Association, asserting various federal and state claims of employment discrimination and retaliation. On August 18, 2021, Defendant filed a Motion to Dismiss the Complaint, Doc. #21.

Therein, Defendant notes that Plaintiff filed for Chapter 7 bankruptcy on December 30, 2020. *In re Corey J. Smith and Charlotte K. Quillen-Smith*, 3:20-bk-32789 (S.D. Ohio Bankruptcy Ct.). At that time, Plaintiff did not list her pending lawsuit as one of her assets, but later amended her petition to include it.

Given that all of Plaintiff's pending claims became part of the bankruptcy estate at that time, Defendant argues that Plaintiff is not the real party in interest.

Because only the Chapter 7 Trustee has standing to pursue the claims, Defendant argues that Plaintiff's Complaint must be dismissed.

Citing Fed. R. Civ. P. 17(a)(3), Plaintiff argues that she should be allowed to substitute Patricia Friesinger, the Chapter 7 Trustee, as Plaintiff. Doc. #23. She notes that Friesinger agrees to the substitution and, on September 8, 2021, Friesinger indicated that she is planning to retain Plaintiff's current counsel as special counsel to pursue the claims on behalf of the bankruptcy estate. Doc. #23-1.

Defendant points out, however, that, because the transfer of interest occurred after the lawsuit was filed, Fed. R. Civ. P. 17 is inapplicable, and, therefore, Fed. R. Civ. P. 25 governs instead. Given that Plaintiff no longer has standing to request *any* relief in this matter, and the Chapter 7 Trustee herself has taken no steps to request substitution, Defendant argues that dismissal is proper.

In the alternative, Defendant asks the Court to order the Chapter 7 Trustee to properly seek substitution in this matter, including representation by separate and independent legal counsel within a specified period of time. Citing *Auday v. Wetseal Retail, Inc.*, No. 1:10-cv-260, 2013 WL 2457717 (E.D. Tenn. June 6, 2013), Defendant argues that retaining Plaintiff's current non-bankruptcy counsel as special counsel creates an inherent conflict of interest. Defendant notes that the Chapter 7 Trustee has already opposed a $30,000 exemption sought by Plaintiff's current counsel.

The Court agrees that Plaintiff Charlotte Quillen-Smith no longer has standing to seek any relief in this case, including substitution of the Chapter 7 Trustee as Plaintiff. Dismissal of this action would be warranted for the reasons stated by Defendant. Nevertheless, in the interest of judicial economy, the Court OVERRULES Defendant's Motion to Dismiss, Doc. #21. Within 30 days of the date of this Decision and Entry, the Chapter 7 Bankruptcy Trustee shall file a motion properly seeking substitution as the Plaintiff in this action. Failure to comply with this deadline may result in dismissal of all claims.

Although the Court understands the potential conflicts of interest that may arise should Quillen-Smith's current non-bankruptcy counsel be retained as special counsel to pursue the claims on behalf of the bankruptcy estate, the Court finds that any conflict-of-interest issues are best resolved *after* the Chapter 7 Trustee is substituted as Plaintiff.

Date: September 30, 2021

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

Copy to: Patricia Friesinger, Chapter 7 Bankruptcy Trustee